CLARENCE EDWARD MORGAN, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 13005

CLARENCE EDWARD MORGAN, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 13006

March 29, 1982                    642 P.2d 595

*J. Gregory Damm,* State Public Defender, and *Michael K. Powell,* Special Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

---

[6]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.

## OPINION

*Per Curiam:*

On January 16, 1979, Clarence Edward Morgan pleaded guilty to two counts of selling a controlled substance for which he received a twelve-year sentence and a ten-year sentence, to run consecutively in the Nevada State Prison. Morgan has filed two appeals, one for each conviction, challenging the denial of his petition for post-conviction relief. Cause appearing, these appeals are hereby consolidated for review by this court. NRAP 3(b).

On July 2, 1980, Morgan filed, in proper person, a petition for post-conviction relief. In conjunction with his petition, Morgan alleged that he was an "indigent person, financially unable to pay or provide security for the payment of official fees and the costs of retaining counsel. . . ." Morgan requested that he "be granted leave to proceed in *forma pauperis*" and that "counsel be appointed to assist and represent [him] in the prosecution of the petition." The matter came before the district court on July 29, 1980, and the court summarily denied Morgan's petition. No counsel was appointed to represent him at this proceeding, and no one appeared on his behalf. Morgan was not present because he was in prison at the time.

Morgan contends on appeal, *inter alia,* that the district court erred in summarily denying his petition without appointing counsel to represent him.[1] NRS 177.345(1) provides:

> (1) The petition may allege that petitioner is unable to pay the costs of the proceeding *or to employ counsel.* If the court is satisfied that the allegation is true, *it shall appoint* counsel for him within 10 days of the filing of the petition. (Emphasis added.)

Despite Morgan's allegation of indigency, the district court failed to appoint counsel to represent him. Further, the district court made no finding as to Morgan's indigency.[2]

Accordingly, we reverse the district court's order denying

---

[1] The state, in its answering brief, did not respond to this contention.

[2] We note that after the district court denied Morgan's petition for post-conviction relief, Morgan moved for appointment of counsel to pursue this appeal. He again alleged that he was indigent and financially unable to retain private counsel. The district court apparently was satisfied that Morgan was indigent, as it granted his motion and appointed counsel to prepare this appeal.

Morgan's petition for post-conviction relief. We remand for further proceedings, including the appointment of counsel in accordance with NRS 177.345(1).